UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

DANTE GUY,

    Petitioner,

    v.        CAUSE NO. 3:20-CV-46-RLM-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Dante Guy brought this action under 28 U.S.C. § 2254 challenging a prison disciplinary proceeding in which he was sanctioned with a 120-day loss of good-time credit and a 27-day loss of privileges after a hearing officer found Guy guilty of violating offense B-251, interfering with count, in case ISP 19-10-0046. The Warden moved to dismiss Mr. Guy's petition as moot because the Indiana Department of Correction had designated the case for rehearing and vacated the sanctions. (*See* ECF 9-1 ["I am dismissing this case. The grievous sanctions have been removed from your record, and the time has been returned to you."].)

The Department's action does indeed moot Mr. Guy's petition. "Article III of the Constitution confines the judicial power of federal courts to deciding actual 'Cases' or 'Controversies.'" Hollingsworth v. Perry, 133 S. Ct. 2652, 2661 (2013). To establish that an actual case or controversy exists, the petitioner must demonstrate that he has suffered, or imminently will suffer, an actual concrete and particularized injury traceable to the defendant and likely to be redressed by a judicial decision in his favor.

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560–61 (1992). The case-or-controversy requirement "persist[s] throughout all stages of litigation." Hollingsworth v. Perry, 133 S. Ct. at 2661.

The disciplinary conviction and sanctions challenged by Mr. Guy in his habeas petition have been vacated, the lost time has been restored, and the case has been dismissed. Therefore, this case is moot. *See* Cochran v. Buss, 381 F.3d 637, 641 (7th Cir. 2004) (holding that habeas petition was moot, where suspended deprivation of credit time could no longer be imposed). As a result, the Court GRANTS the Warden's motion (ECF 9) and DISMISSES this case as moot. *See* Board of Educ. of Downers Grove Grade School Dist. No. 58 v. Steven L., 89 F.3d 464, 467 (7th Cir. 1996) ("Absent an actual live controversy, a case is moot and must be dismissed as nonjusticiable.").

SO ORDERED on September 28, 2020

                                              s/ Robert L. Miller, Jr.
                                              JUDGE
                                              UNITED STATES DISTRICT COURT